IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ARCH SPECIALTY
INSURANCE COMPANY                                                PLAINTIFF

v.                       No. 3:15-cv-223-DPM

FIRST COMMUNITY BANK
OF EASTERN ARKANSAS                                              DEFENDANT

ORDER

The agreed motion for a protective order is granted as modified. The Court appreciates the parties' helpful draft. See the Court's attached edits. The Court is concerned about the parties labeling some documents as "sealed." That decision rests with the Court on motion. Please consider a new label. There will be confusion if the Court decides to seal only some sealed documents. Please submit a revised order to chambers by 15 February 2016.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_1 February 2016_

DPM Edits and Comments
1 February 2016

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ARCH SPECIALTY INSURANCE COMPANY     PLAINTIFF

V.     CASE NO. 3:15-CV-223 DPM

FIRST COMMUNITY BANK OF
EASTERN ARKANSAS     DEFENDANT

**CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER**

The Plaintiff, Arch Specialty Insurance Company ("Arch") and Defendant, First Community Bank of Eastern Arkansas ("Bank") have submitted a joint Confidentiality Stipulation and Protective Order ("Protective Order" or "Agreement") to control the disclosure and use of protected documents to be exchanged by Arch. This litigation involves a letter of credit dated in 2007 related to Crittenden Hospital Association d/b/a Crittenden Regional Hospital. The Bank propounded to Arch its First Set of Interrogatories and Request for Production of Documents (the "Requests"). Arch wishes to produce documents responsive to the Requests, however, some documents may contain patient information, claims information or pricing information. It is the parties' intent to keep patient information, claims information or pricing information confidential while producing the documents.

Pursuant to the Federal Rules of Procedure and for good cause shown, the Court hereby issues the following protective order:

1. **Definitions**

The following definitions shall apply, in singular or plural form as are reasonable in context, in this Protective Order:

     a.     "Parties to the Order" mean the Arch and Bank.

EXHIBIT A

b.  Not applicable;

c.  "Designating Party" means a Party to the Order that designates a document or other material as a Protected Document;

d.  "Producing Party" means a Party to the Order that produces documents or other material in response to a request for production, formal or informal, or a subpoena for the production of documents. In most cases, the Producing Party is the same as the Designating Party, and the term "Designating Party" will be used in this Protective Order if it is contemplated that they are indeed the same. The term "Producing Party" will be used if the two may be distinct under the circumstances contemplated in a particular paragraph of this Protective Order;

e.  "Document" has the same meaning as it does under Fed. R. Civ. P. 34, and includes electronically stored information;

f.  "Material" means and includes documents (as defined above) and information included in or derived from documents, testimony, transcripts, or any other source;

[handwritten margin note: *Please consider a new label. Then global scrub.*]

2.  **"Sealed Documents"** means materials that a Producing or Designating Party considers as entitled to be filed under seal pursuant to the relevant, prevailing law of the United States District Court, Eastern District of Arkansas, the Eighth Circuit Court of Appeals, and the Supreme Court.

3.  **"Protected Documents"** means materials that a Producing or Designating Party considers as entitled to protection.

4.  **Process for Designating Sealed Documents or Protected Documents.** In the absence of a designation, no material shall be presumed to be a Sealed Document or a Protected Document.

12360898.1

a. **Documents produced in paper copy or in PDF format.** A Producing Party may designate a document as a "Sealed Document" or "Protected Document" by stamping every page of the document with the words "Sealed Document" or "Protected Document" at the time of production. Upon receiving a document designated as a Sealed or Protected Document, the receiving party shall, from that point forward, treat the document as a Sealed Document or Protected Document under this Protective Order;

b. **Documents produced as sound recordings, video recordings, or electronic data in native format files (such as Excel or QuickBooks files) on magnetic or electronic media storage formats (*e.g.*, videotape, computer disc, CD-ROMs, DVD-ROMs, or similar storage formats).** If the documents on these storage formats contain both Sealed Documents or Protected Documents and non-protected documents, the Producing Party shall (i) format the disc so the documents designated as Sealed Documents or Protected Documents are clearly segregated to enable a person to easily determine what documents are claimed to be Sealed Documents or Protected Documents without printing them, or (ii) create a separate log identifying the documents claimed to be Sealed Documents or Protected Documents. In addition, Sealed Documents or Protected Documents produced on magnetic or electronic media storage formats shall, to the extent possible, be formatted so that the displayed and printed copies of Sealed Documents or Protected Documents will contain a footer stating "Sealed Document" or "Protected Document;"

c. **Written responses to interrogatories, requests for production of documents, and requests for admission:** the Designating Party shall designate specific

responses or portion of a response as Sealed Documents or Protected Documents by identifying in the response or portion of a response that the response is a Sealed Document or Protected Document.

5. **Inadvertent Failure to Designate.** In the event that a Party to the Order inadvertently fails to designate material that it wishes to claim as Sealed Documents or Protected Documents, that Party to the Order (*i.e.,* the Designating Party) shall immediately inform all parties to the litigation and immediately re-produce the material with the appropriate stamp on each page or designate in another appropriate manner described elsewhere in this Protective Order. If the Designating Party is not the Producing Party, the Designating Party shall be responsible for coordinating with the Producing Party to re-produce the material appropriately.

6. **Process for Objecting to the "Sealed Document" or "Protected Document" Designation.** Nothing in the provisions of this Protective Order shall preclude the Parties to the Order from objecting to the designation of material as Sealed Documents or Protected Documents.

   a. Any Party to the Order may object to the designation of material as Sealed Documents or Protected Documents. The objection must be made in writing (*e.g.,* by letter or e-mail to the Designating Party) and state the basis for the objection. If the objection is not resolved within 21 days, then the parties must file a joint report of a discovery dispute as outlined in the Court's Final Scheduling Order. ~~Within 21 days of receiving the objection (or another time agreed to by the objecting and Designating Parties to the Order or as ordered by the Court), the Designating Party shall have the burden to file a motion for a determination under this Protective Order with the Court, demonstrating that there is good cause to designate the material as Sealed or Protected and that it should be treated as such under this Protective Order.~~ The material at issue will be treated as a Sealed

12360898.1

Document or Protected Document until the Court ~~decides the motion.~~ *acts on the joint report.*

b. If the Designating Party has not ~~filed a motion with the Court for a determination under this Protective Order~~ *proposed filing a joint report* within 21 days of receiving the objection to the designation (or such other time agreed to between the objecting and Designating Parties or as ordered by the Court), all Parties to the Order may then treat the material at issue as non-Sealed or non-Protected Documents. However, if a designation for any material as Sealed or Protected or non-Sealed or non-Protected changes in the course of this case, the Designating Party shall immediately inform all parties to the litigation and immediately re-produce the material with the appropriate stamp on each page or designate in another appropriate manner described elsewhere in this Protective Order. If the Designating Party is not the Producing Party, the Designating Party shall be responsible for coordinating with the Producing Party to re-produce the material appropriately.

c. The failure of a Party to the Order to object to the designation of Sealed or Protected Documents at the time of production or designation is not an admission that the material designated as Sealed or Protected is entitled to protection under this Protective Order, nor a waiver of its right to later object to the designation or oppose a motion to file under seal under Paragraph 12 of this Protective Order.

*No automatic extension. Briefing on any ~~dispute~~ motion involving disputed material should continue. Treat the material as confidential pending resolution of the joint report. Move to file the motion papers under seal in the interim.*

d. ~~Notwithstanding any provisions in this section to the contrary, it is agreed that in the event a party wishes to rely upon Material designated as Sealed or Protected Documents, to which it objects, for the purposes of responding to a motion and the party's response time to the motion shall be stayed until such time as the Court has ruled on such objection whereupon the Party shall have the greater of~~

12360898.1

~~ten (10) days from the date of the entry of the Court's ruling on such objection regarding the Material or the response time remaining to respond to the motion.~~

7. **Qualified Persons for Protected Documents.** Material designated as "Sealed Documents" or "Protected Documents" and any copies thereof shall be disclosed only to Qualified Persons, which include only the following individuals:

   a. Counsel in the above-captioned case, government agency counsel, investigating agents, as well as their supervisors, employees, clerks, legal assistants, investigators, auditors, accountants, and support personnel (including persons or firms engaged in the copying or organization of documents or conversion of documents from or to electronic media) who are involved with the preparation of, and proceedings concerning, the above-captioned action or any appeals therein, provided that any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order requiring that Sealed or Protected Documents (and their contents) be held in confidence and not disclosed to any person other than Qualified Persons, as defined in this Protective Order;

   b. Experts and consultants retained in this action by respective counsel, and the employees of any experts and consultants who are assisting them, provided that, prior to disclosure, the experts or consultants and their support staff agree to be bound by the terms of this Protective Order by executing the Non-Disclosure Certificate annexed hereto as Exhibit A. Counsel who retained the experts or consultants shall keep the executed Non-Disclosure Certificates until the conclusion of the action and any appeals of any judgments or orders;

   c. The Court, its personnel, and the jury;

   d. Parties to this litigation and their representatives, including agency personnel for

12360898.1

the United States not included in Paragraph 7(a) who are involved with the preparation for, and proceedings concerning, the above-captioned action or any appeals therein, provided that any such party (or their employees) to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order requiring that Sealed or Protected Documents (and their contents) be held in confidence and not disclosed to any person other than the Qualified Persons as defined in this Protective Order;

e. Deponents and other witnesses, but only if they are informed of the terms of the Protective Order, provided with a copy of the same, and told that they are bound by its terms and are required to not disclose proprietary or confidential information which may be contained in the Sealed or Protected Documents;

f. Court reporters or videographers selected by the parties to this litigation, but only if they are informed of the terms of the Protective Order and told that they are bound by its terms and are required not to disclose proprietary or confidential information which may be contained in the Sealed or Protected Documents; and

g. Such other persons as may be designated by written consent of the Designating Party or by order of the Court.

8. **No Use Permitted for Other Purposes.** Except as discussed in this Protective Order or by separate written consent of the Designating Party, Sealed or Protected Documents (and their contents or material revealing their contents) shall not be used or disclosed by any Party to the Order, or person to whom disclosure has been made under Paragraph 7, in (a) litigation other than this lawsuit, (b) for business or competitive purposes, or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, the above-captioned action and any appeals therein.

12360898.1

9. **Use of Protected Documents for Other Law Enforcement Purposes.** Notwithstanding Paragraph 8 above or any other provision in this Protective Order, where a Party to the Order or its counsel believe a Protected Document, either on its face or in conjunction with other information, indicates a violation or potential violation of law – criminal, civil, or regulatory in nature – the relevant materials may be disclosed to the appropriate federal, state, local, foreign, or tribal law enforcement authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.

10. **Using Protected Documents in Depositions.** Notwithstanding any restrictions contained otherwise in this Protective Order, any material designated as Sealed or Protected Documents may be used by any party to this litigation at any deposition, subject to the provisions of this Protective Order. Only Sealed or Protected Documents (or copies thereof) that have been stamped with the words "Sealed Document" or "Protected Document" will be used as exhibits in these proceedings. If any Party to the Order wishes to designate testimony or other material created during depositions as Protected Documents, it shall follow the procedures outlined in Paragraph 4 above.

11. **Non-Disclosure Declaration.** Any person to whom Sealed or Protected Documents are to be disclosed shall first be advised by the Party to the Order (or its counsel) making the disclosure that the Sealed or Protected Documents are subject to a Protective Order, which limits the disclosure of the Sealed or Protected Documents to Qualified Persons. The Court may issue further orders with regards to or which modify this paragraph to ensure the orderly and efficient progress of depositions, hearings, and trials.

12. **Filing of Sealed Documents.** Subject to the order of the Court, any Party to the Order that intends to submit or file a Sealed Document with the Court shall first [*insert:* attempt to redact confidential information pursuant to Fed. R. Civ. P. 5.2. If redaction is impracticable, then the party shall] move the Court

12360898/1

for leave to file the document under seal. In the motion to file under seal, the moving Party to the Order shall not have the burden to justify filing the Sealed Documents under seal, if the moving Party to the Order is not the Producing or Designating Party. At least 10 days prior to the filing of the document which submits or files a Sealed Document, the moving Party shall provide notice to counsel for the Producing or Designating Party of the specific Sealed Documents to be submitted or filed. The Producing or Designating Party may file a notice or other ~~pleading~~ paper to assist the Court in deciding the motion to file under seal. If the moving Party to the Order needs to file the Sealed Documents before the Court has ruled on its motion to file under seal, it shall file the documents in a way that preserves their confidentiality, and notify the Court with the filing that the documents are the subject of a pending motion to file under seal. ~~Notwithstanding any provisions in this section to the contrary, it is agreed that in the event a party wishes to rely upon Sealed Documents for the purposes~~ of responding to a motion ~~the party's response time to the motion shall be stayed until such time as the Court has ruled on the motion for leave to file documents under seal whereupon the Party shall have the greater of ten (10) days from the date of the entry of the Court's ruling on the~~ motion for leave to file documents under seal ~~or the response time remaining to respond to the motion.~~

[Handwritten margin note: *No automatic extension for responses. Proceed as outlined above. Move to file the responding papers under seal in the interim.*]

13. **Third-Party Subpoenas, Requests and Orders for Documents.** If a Party to the Order receives an order, subpoena, or other request from a third party for Sealed or Protected Documents, the Party to the Order shall proceed as follows:

    a. Before complying with the order, subpoena, or other request for Protected Documents, notify in writing the Designating Party (and the Producing Party, if different from the Designating Party) of the pendency of the subpoena or order at least 10 days (or as soon as possible, if the compliance date is less than 10 days

12360898.1

after the Party to the Order has received notice of the request, subpoena, or order) before the date of the ordered production or disclosure.

b. Nothing in this Protective Order shall require any Party to the Order to violate an order of any court.

14. **Additional Parties to This Agreement.** Not applicable.

15. **Copies of Sealed or Protected Documents and Other Material That Incorporate or Reveal Contents of Sealed or Protected Documents.** Copies of Sealed or Protected Documents, and the documents prepared by counsel or an expert or consultant that incorporate or reveal confidential information or information from Protected Documents, shall be subject to the same treatment as the material originally designated as Sealed or Protected Documents.

16. **Conclusion of Case.** Upon the final conclusion of the disputes between the Parties, any Sealed or Protected Documents produced or designated in this matter will be subject to disposition as required by this paragraph. Within 90 days after the final conclusion of this matter, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), all Sealed and Protected Documents, including any copies thereof, shall be returned to the Producing Party or destroyed. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product (including an index that refers or relates to Sealed or Protected Documents, copies of Sealed or Protected Documents filed as part of briefs, letters, motions, pleadings, or other papers, and copies of Sealed or Protected Documents containing work-product or notes). This work product continues to be confidential under the terms of this Protective Order. In addition, material that becomes part of the court record in this matter may be retained by the Court and its personnel. The Parties to the

12360898.1

Order shall undertake reasonable and prudent efforts to either destroy or return all Sealed or Protected Documents to the Producing Party.

17. **Steps to Be Taken In Event of Improper Disclosure.** In the event that Sealed or Protected Documents are disclosed to a person who is not a Qualified Person as defined in this Protective Order or otherwise authorized to receive the disclosure, the Party to the Order that made or allowed the disclosure shall, after it becomes aware of the disclosure, immediately inform the Designating Party (or its counsel, if represented) of the disclosure and all relevant information concerning the nature and circumstances of the disclosure. The Party to the Order that made or allowed the disclosure shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of Sealed or Protected Documents is made.

18. **Miscellaneous Provisions.** Any notice requirement herein may be waived, in whole or in part, but only in writing by counsel of record for the Party to the Order (or the Party to the Order, if unrepresented) against whom such waiver will be effective. The Parties to the Order, and their respective counsel, by stipulating to this Protective Order, do not concede that Sealed or Protected Documents in fact contain or reflect trade secrets, confidential information, or other material entitled to protection. The provisions of this Protective Order may be modified at any time by the joint agreement of the Parties to the Order in writing.

19. **Further Orders Regarding Confidentiality, Including Additional Protections.** Any Party to the Order, after good-faith consultation with the other Parties to the Order, may apply to this Court for a modification of this Protective Order or for other protective orders regarding the production and treatment of information that it believes to be confidential.

12360898.1

20. **Retention of Jurisdiction.** This Court shall retain jurisdiction to enforce the terms of this Protective Order ~~and this Protective Order shall survive the termination of the above-captioned litigation, unless modified by~~ for one year after the end of the parties' litigation, including any appeals. Thereafter, this ~~order of the Court or if the Parties to the Order~~ Proctective Order shall be solely a contract among those ~~file a written stipulation with the Court~~ who agree to it. This Protective Order is without prejudice to the right of any Party to the Order to seek additional protection from the Court to preserve the confidentiality of documents, material, or information produced in the above-captioned action.

IT IS SO ORDERED.

                                        PRICE MARSHALL
                                        UNITED STATES DISTRICT JUDGE

Submitted by:

ARCH SPECIALTY INSURANCE COMPANY

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Telephone: (501) 688-8800
lmiller@mwlaw.com
ssmith@mwlaw.com

By: /s/ Lance R. Miller
      Lance R. Miller (85109)
      Stan D. Smith (90117)

      -and-

FIRST COMMUNITY BANK OF EASTERN ARKANSAS

HANKINS LAW FIRM, P.A.
1515 East Kiehl Avenue
Sherwood, AR 72120
Telephone: (501) 833-0168
vhankins@hankinslawfirm.net

By: /s/ A. Vaughan Hankins
    A. Vaughan Hankins (98138)

12360898.1

# EXHIBIT A. NON-DISCLOSURE DECLARATION

I hereby certify my understanding that Protected Documents is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Protective Order dated _____ between Arch and Bank and their respective counsel in United States Bankruptcy Court, Eastern District of Arkansas, Jonesboro Division, Case No. 3:15-cv-223 DPM ("Protective Order"). I have been given a copy of the Protective Order and have read it.

I agree to be bound by the Protective Order. I will not reveal the Protected Documents to anyone, except as allowed by the Protective Order. I will maintain all such Protected Documents in a secure manner to prevent unauthorized access to it.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, at _____.

_____
Signature

_____
Print Name

_____
Address

_____
City/State/Zip

12360898.1